# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　Plaintiff,<br>v.<br>Mehrad Asadieidivand,<br>　　　　Defendant. | No. CV-25-02165-PHX-SPL (DMF)<br>**ORDER** |

On June 10, 2025, the Government filed an action seeking an order authorizing the involuntary hydration and medical examination of Defendant Mehrad Asadieidivand, an immigration detainee housed at the Florence Detention Center. *United States v. Asadieidivand*, No. 2:25-cv-02011-SPL (D. Ariz.)  The Court granted a Temporary Restraining Order authorizing the involuntary hydration and medical monitoring of Defendant and ordered the submission of a status update.  Shortly after filing the first status update, the Government voluntarily dismissed the action because Defendant began consuming meals. (Doc. 11, 25-cv-02011-PHX-SPL.)

Defendant reinitiated his hunger strike on June 17, 2025.  Between June 17, 2025 and June 23, 2025, Defendant has missed eighteen meals, and has not consumed any food or water since June 17, 2025. (Doc. 4 at 2.)  The Government filed this second action and again seeks a temporary restraining order authorizing the involuntary hydration and medical monitoring of Defendant. (Docs. 1, 4.)

The Court has considered the prior action, the instant Complaint, Motion, and

supporting exhibits and concludes that given Defendant's current condition, immediate and irreparable injury is likely to occur before Defendant can be given notice and an opportunity to respond. Defendant's renewed hunger strike, on the heels of his last strike, puts him at emergent risk of decompensation. Defendant also reports "full body muscle pain, palpitations, dizziness, weakness and nausea." (Doc. 4 at 3.) The Court will grant a temporary restraining order without notice to maintain the status quo. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Further, because of the urgency of the situation, the Court further finds that a temporary restraining order without notice is appropriate to maintain the status quo until Defendant can be heard.

Defendant's hunger strike stems from his immigration detention. Because Defendant might ultimately seek release from detention pending the outcome of his immigration proceedings, his allegations may be raised in a habeas corpus petition under 28 U.S.C. § 2241, and the interests of justice require appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) to assist in preparing a petition for writ of habeas corpus. Because Defendant will not be able to meaningfully assist counsel in the preparation of a habeas corpus petition if his condition significantly deteriorates, counsel is further appointed to assist Defendant in this matter as an ancillary proceeding under § 3006A(c). The Court will direct counsel for Defendant to meet with him and respond to the motion for temporary restraining order.

**IT IS THEREFORE ORDERED** the Motion for Temporary Restraining Order (Doc. 4) is **granted**.

**IT IS FURTHER ORDERED** that the Department of Homeland Security, through competent medical practitioners employed by or contracted with the Public Health Service and/or the medical staff at any outside hospital to which Mr. Asadieidivand may be transported, may: (1) perform involuntary medical monitoring of Defendant, to include physical examination, obtaining weight and vital signs, and collecting blood and urine samples upon which laboratory tests can be conducted, and to perform such laboratory

1  testing; (2) involuntarily hydrate, medicate, and/or provide nutrition to Defendant; and (3)
2  restrain Defendant, if necessary, to accomplish these procedures.

3  **IT IS FURTHER ORDERED** that the Government must file a status report on
4  Wednesday June 25, 2025, no later than 5:00 p.m. After reviewing the status report, the
5  Court will contemplate setting a status hearing or a hearing regarding the continuation of
6  this TRO or a potential preliminary injunction.

7  **IT IS FURTHER ORDERED** that the Government must personally serve the
8  Summons, Complaint, Motion for Temporary Restraining Order, and this Order on
9  Defendant no later than June 23, 2025.

10  **IT IS FURTHER ORDERED** that the Clerk of Court must issue the Summons, if
11  not already issued.

12  **IT IS THEREFORE ORDERED appointing counsel** pursuant to 18 U.S.C.
13  §§ 3006A(a)(2)(B) to assist Defendant in preparing a Petition for Writ of Habeas Corpus
14  under 28 U.S.C. § 2241.

15  **IT IS FURTHER ORDERED** that counsel is appointed to assist Defendant in this
16  ancillary matter under § 3006A(c) to ensure Defendant can meaningfully assist counsel in
17  preparing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

18  **IT IS FURTHER ORDERED** that Defendant must respond to the Motion for
19  Temporary Restraining Order and Preliminary Injunction by Thursday June 26, 2025.
20  Plaintiff's counsel **must facilitate contact** between Defendant and his counsel between the
21  filing of this Order and 5:00 p.m. on June 24, 2025.

22  **IT IS FURTHER ORDERED** that the Clerk of Court must send a copy of this
23  Order to the Assistant Federal Public Defender Keith Hilzendeger.

24  ///
25  ///
26  ///
27  ///
28  ///

**IT IS FURTHER ORDERED** that counsel must promptly file a Notice of Appearance herein.

Dated this 23rd day of June, 2025.

*[signature]*

Honorable Steven P. Logan
United States District Judge